### HAROLD R. LOVE v. ISAAC H. RUBEN.[1]

May 18, 1928.

No. 26,719.

**Claim for value of services defeated by proof they were rendered under contingent contract.**

Plaintiff's claim of a contract obligating defendant to pay him the reasonable value of his services is *held* to be defeated because of conclusive proof that the services were performed under a contingent fee contract which, plaintiff's efforts having been unsuccessful, now bars him of recovery.

Contracts, 13 C. J. p. 777 n. 6.

Plaintiff appealed from an order of the district court for Hennepin county, Leary, J. granting defendant's motion for judgment notwithstanding the verdict. Affirmed.

*Leslie C. Smith,* for appellant.

*H. J. Charles,* for respondent.

[1]Reported in 219 N. W. 462.

STONE, J.

In this action to recover for services rendered, plaintiff had a verdict, but defendant's alternative motion for judgment notwithstanding or a new trial resulted in an order directing judgment for him.   Plaintiff appeals.

We think judgment was properly ordered because we find in the record nothing to sustain a verdict for plaintiff.   Early in 1925 defendant found himself threatened with an assessment for additional income tax of upwards of $18,000.   He employed Messrs. Arnold and Flesher, public accountants, to contest the assessment.   Just when the contract of employment was first made does not appear, but it was reduced to writing June 15, 1925.   Compensation of the accountants was contingent on success and fixed at 25 per centum of any reduction in the proposed assessment which might be procured.   The terms so fixed by the written contract had been agreed upon from the first.

Soon after Arnold and Flesher were employed plaintiff, who was also an accountant and auditor, came into the case.   According to his own testimony he first met defendant in company with Arnold and Flesher.   He testifies that Arnold "apparently had told" defendant "that I could help him out in one way or another.   *   *   * Nothing very definite" was said "except that Mr. Ruben did make the statement that I was to go ahead and he would see I was taken care of."   That testimony is the only basis assigned for the finding of a contract of hiring under which plaintiff may recover the reasonable value of his services.   The verdict is put exclusively on that theory.

The position is not tenable for the simple reason that the record demonstrates that plaintiff's actual employment was by Arnold and Flesher, who agreed that plaintiff (or the firm of which he was then a member) should have "fifty per cent of any fees received from services rendered   *   *   *   in connection with the tax case of I. H. Ruben."   Such is the written contract of February 21, 1925.   True, it is made nominally with "Flesher, Flesher and Flatley, a co-partnership, and B. H. Arnold."   But it is too plain for denial that it

related to and controlled the conduct by Messrs. Arnold and Flesher of defendant's tax case. Their efforts to procure a reduction of the assessment were futile. The assessment was made in full and has been paid, so no fee has ever been earned by the accountants or any of them. In a letter written August 31, 1925, plaintiff says very frankly that his firm "were originally asked by Mr. Arnold and Mr. Flesher to handle this case on the basis of fifty per cent of the fee received by them," and that they were "perfectly willing to handle the case on a straight contingent basis as originally agreed upon of fifty per cent of the fee received by Arnold, Flesher & Company, that fee to be twenty-five per cent of the amount saved."

The learned trial judge therefore was clearly right in his view that if defendant ever promised to take care of plaintiff, that undertaking referred to participation in the contingent fee of Arnold and Flesher. The right to that participation was secured by plaintiff's contract with Arnold and Flesher under which, if a fee had been earned, he would have been entitled to participate. His contract to that effect is clear and covered the whole field. It is a fatal objection to his present claim of an independent and additional contract with defendant on the same subject entitling him to the reasonable value of his services—win or lose.

Order affirmed.